Abel & Bach Co. vs. Duffy.

---

No. 13,693.

ABEL & BACH CO. vs. L. J. DUFFY.

SYLLABUS.

1.  To sustain an attachment the fraudulent *intent* of the debtor must appear, or facts and circumstances must be shown from which it may reasonably be inferred.
2.  It may well happen that an attachment itself is not authorized and yet there be justification on part of plaintiff in resorting to it.

A PPEAL from the Civil District Court, Parish of Orleans—
   *Theard, J.*

---

*Dinkelspiel & Hart,* for Plaintiff, Appellant.

---

*Carroll & Carroll,* for Defendant, Appellee.

---

The opinion of the court was delivered by BLANCHARD, J.

---

On application for rehearing by *per curiam.*

BLANCHARD, J. Plaintiff company is a corporation doing a mercantile business in the City of Milwaukee.

Defendant is a merchant in the City of New Orleans, engaged in the business of selling trunks, valises, traveling bags, etc.

Some of the goods and wares in which he dealt he manufactured himself; others he purchased in distant cities to sell again here.

His store or selling department was in one section of the City of New Orleans; his factory in another section of the city.

He was a customer of plaintiff corporation; had been buying goods, materials, etc., from them for years.

In August 1900 he owed them an account exceeding three thousand dollars, the great part of which had long since been due.

Efforts to collect proving unavailing, plaintiffs brought suit and took out a writ of attachment, under which the two establishments of defendant—the store and the factory—the contents of both—were seized, and, also, under garnishment proceedings, some funds belonging to him were seized.

The grounds of attachment were that defendant had converted or was about to convert his property into money or evidences of debt, and that he had mortgaged, assigned, or disposed of, or was about so to do, his property, rights or credits, or some part thereof with intent to defraud his creditors, or give an unfair preference to some of them.

Defendant filed a motion to dissolve on various grounds, one of which was that the statements and allegations of the petition and affidavit, on which the attachment issued, are without foundation in fact, untrue and false.

The trial of this motion resulted in the dissolution of the attachment, and from this judgment plaintiffs appeal.

Recognizing that the affidavit must be supported by proof of an act or acts showing the *intent* of the debtor to defraud his creditors, plaintiffs undertook to do so, and much testimony was taken *pro* and *con.*

We rise from its consideration, as did the district judge, convinced that the grounds disclosed do not sustain the attachment.

True, it was shown on behalf of the plaintiffs that goods manufactured at defendant's factory were sold irregularly, not in the usual course of business, and for prices below the cost of manufacture, and that this had been going on for eighteen months prior to the attachment, depleting the stock and jeopardizing alike the business of defendant and the interests of his creditors.

But this was met by proof on behalf of defendant that these things were not known to him; that the sales referred to were made at the factory surreptitiously and against his orders; that he was himself defrauded by them; that it was the rule of his business no sales of goods were to be made from the factory except upon orders from the store; that it was only at the store that orders were to be taken and

trading done; that conspicuously posted at the door of the factory was a sign reading "office and sales room, 133 and 135 Baronne street," at the staircase another "no admittance," and over the desk another, three or four feet square, reading "no orders taken here;" that the sales made at the factory were never reported to the store, or to defendant or his book-keeper; that he never received a cent of the money and no entry of the transactions were made upon the books; that the foreman in charge of the factory (his son) acted beyond the scope of his authority and in disobedience of orders in effecting such sales; that the parties to whom he sold the goods knew of the irregular and dishonest character of the purchases they were making; and that the same were studiously kept from the knowledge of defendant who learned of them for the first time after the attachment.

Under these circumstances it cannot be held that a fraudulent *intent* is shown to have existed on part of this debtor to defraud his creditors or give an unfair preference.

The reasonable inference, deduction or conclusion to be drawn from the facts proven is not that the fraudulent intent existed.

Other than the disreputable and unauthorized conduct of his son, there is no sufficient showing made to warrant the attachment.

If defendant knew not of these acts and doings of his foreman how could the intent arise or be formed in his (defendant's) mind to defraud his creditors through such acts?

Thus, therefore, the attachment itself was unauthorized, though this is far from saying the *proceeding* by attachment was without justification.

This creditor, learning of these irregular and vicious practices of the son, who was in a position of authority, may well have concluded grounds for attachment existed, when in point of fact they did not exist. And while the court is constrained to sustain the judgment dissolving the writ, it is not to be understood as holding that plaintiffs were without justification in resorting to the writ.

Judgment affirmed.

### ON APPLICATION FOR REHEARING.

*Per Curiam.*

We have read the earnest and carefully prepared brief of appellant for a rehearing. Our views, as heretofore expressed, remain unchanged.

We deem it proper to add that appellant particularly directs our attention to the sentence in the judgment appealed from reserving to appellee the right to sue for damages and asks that it be eliminated entirely from the judgment. We have heretofore expressed ourselves clearly upon the subject and we think our views as expressed sufficiently dispose of the question of damages without the necessity of a special amendment.

Rehearing refused.